JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JASON BELTRE and JOHN ADAMES,         )
                                       )
                   Plaintiffs,         )
                                       )
      -against-                        )
                                       )
THE CITY OF NEW YORK; NEW YORK CITY    )
POLICE OFFICER ANDREW PELLEGRINO,      )
Shield No. 30101; JOHN DOE #1; JOHN DOES )
and RICHARD ROES,                      )
                                       )
                   Defendants.         )
------------------------------------------------------------X

14 CV 4228

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 12 2014
U.S.D.C. S.D. N.Y.

## PRELIMINARY STATEMENT

1. This is a civil action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.  Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.  Plaintiff JASON BELTRE filed a timely Notice of Claim with the Comptroller of the City of New York on June 14, 2013, within 90 days of the arrests and the accompanying police misconduct complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.  Plaintiffs at all times relevant herein were residents of the State of New York, County of New York.  Plaintiffs are Hispanic.

8.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants POLICE OFFICER ANDREW PELLEGRINO, JOHN DOE #1, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants POLICE OFFICER ANDREW PELLEGRINO, JOHN DOE #1, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. POLICE OFFICER ANDREW PELLEGRINO, JOHN DOE #1, and JOHN DOES are sued individually and in their official capacity.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging

in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On March 17, 2013, approximately 4:00 a.m., Plaintiffs and two of their friends were present on the sidewalk to the side of 2520 Park Avenue, Bronx, NY.

12. Defendant POLICE OFFICER ANDREW PELLEGRINO asked Plaintiffs to move down the street.

13. Plaintiffs moved a few feet further down the sidewalk.

14. Defendant POLICE OFFICER ANDREW PELLEGRINO got closer to Plaintiff JASON BELTRE, and again asked Plaintiff JASON BELTRE to move.

15. Plaintiff JASON BELTRE told Defendant POLICE OFFICER ANDREW PELLEGRINO that he was simply trying to figure out the best way to get back home.

16. Defendant POLICE OFFICER ANDREW PELLEGRINO then asked Plaintiff JASON BELTRE to get against the wall.

17. Plaintiff JASON BELTRE complied, and got against the wall, with his hands up against the wall, and his feet spread about shoulder width apart or slighter wider.

18. Defendant POLICE OFFICER ANDREW PELLEGRINO kicked Plaintiff JASON BELTRE's legs apart repeatedly, until Plaintiff JASON BELTRE's legs were so far apart that Plaintiff JASON BELTRE fell face-first into the stone wall.

19. Plaintiff JASON BELTRE tried to lift his face off of the wall.

20. Defendant POLICE OFFICER ANDREW PELLEGRINO slammed Plaintiff JASON BELTRE's face back into the wall, and otherwise manhandled him.

21. Plaintiff JASON BELTRE asked Defendant POLICE OFFICER ANDREW PELLEGRINO why Defendant POLICE OFFICER ANDREW PELLEGRINO was being physical with him.

22. Plaintiff JASON BELTRE at no point was being confrontational with Defendant POLICE OFFICER ANDREW PELLEGRINO.

23. Plaintiffs had complied with the request to move further down the street, and at no point had refused to follow a police directive (whether lawful or unlawful).

24. Defendant POLICE OFFICER ANDREW PELLEGRINO became very verbally abusive to Plaintiff JASON BELTRE, calling him a monkey and telling him to shut the fuck up.

25. Plaintiff JOHN ADAMES tried to reason with Defendant POLICE OFFICER ANDREW PELLEGRINO.

26. JOHN DOE #1 (a male, bald, tall officer) then arrested Plaintiff JOHN ADAMES.

27. JOHN DOE #1 pushed Plaintiff JOHN ADAMES into a car, and then slammed Plaintiff JOHN ADAMES into a wall as well, and also otherwise manhandled him.

28. Defendant POLICE OFFICER ANDREW PELLEGRINO subjected Plaintiff JASON BELTRE to an unlawful search on the street, including going inside of Plaintiff JASON BELTRE'S pockets.

29. Defendant JOHN DOE #1 also subjected Plaintiff JOHN ADAMES to an unlawful search on the street, including going inside of Plaintiff JOHN ADAMES' pockets.

30. Defendant POLICE OFFICER ANDREW PELLEGRINO knocked Plaintiff JASON BELTRE's hat off of his head and one of his earrings out of his ear, and Plaintiff JASON BELTRE was unable to recover his hat or his earring.

31. Both Plaintiffs were placed in handcuffs that were excessively tight and were taken to the NYPD 40th Precinct.

32. A number of other JOHN DOES police officers were present and failed to intervene to prevent the violation of Plaintiffs' rights by Defendants POLICE OFFICER ANDREW PELLEGRINO and JOHN DOE #1.

33. Plaintiffs were held at the NYPD 40th Precinct for approximately two and a half hours.

34. Plaintiffs were searched at the 40th Precinct, and made to empty their pockets.

35. Plaintiffs were both issued false summonses (on information and belief either for violation of Penal Law Section 240.25, Harassment in the First Degree, or for violation of Penal Law Section 240.20, Disorderly Conduct), both of which were dismissed in their entirety on May 30, 2013.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. By their conduct and actions in falsely arresting and imprisoning, maliciously prosecuting, abusing process against, assaulting and battering, converting the property of, violating the rights to equal protection of law of, violating the rights to due process of, violating and retaliating for the exercise of free speech and association of, unlawfully searching and seizing, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and

/or evidence with regard to, Plaintiffs, Defendants PELLEGRINO, JOHN DOE #1, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

38. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

41. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## **THIRD CLAIM**

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

42. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon young men of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association when police officers take affront to such lawful protected activity including where individuals express verbal criticism of police conduct or question the propriety of police conduct, or observe or document police activities, including photographing or video-recording police activities. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

49. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff JASON BELTRE pursuant to the state common law doctrine of respondeat superior.

51. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

52. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By the actions described above, defendants did inflict assault and battery upon plaintiff JASON BELTRE. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

55. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff JASON BELTRE, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff JASON BELTRE. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### EIGHTH CLAIM

### ABUSE OF PROCESS

61. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. By the conduct and actions described above, defendants employed regularly issued process against plaintiff JASON BELTRE compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff JASON BELTRE without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff JASON BELTRE which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### NINTH CLAIM

### MALICIOUS PROSECUTION

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. By the actions described above, defendants maliciously prosecuted plaintiff JASON BELTRE without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

67. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff JASON BELTRE. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

70. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

## CONVERSION

73. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. Through their actions in causing a serious interference with, and/or in seriously interfering with, to plaintiff JASON BELTRE's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over to plaintiff JASON BELTRE's property, defendants wrongfully converted to plaintiff JASON BELTRE's property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff JASON BELTRE and violated his statutory and common law rights as guaranteed by the laws

and Constitution of the State of New York.

75. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

76. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

78. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiffs' rights under those sections.

79. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            June 12, 2014

                                        JEFFREY A. ROTHMAN, Esq.
                                        Law Office of Jeffrey A. Rothman
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiffs